IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| J. BENNETT, | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) Case No. |
| SEALED AIR CRYOVAC, INC. A/K/A CRYOVAC, INC. | ) ) ) ) |
| **Defendants.** | ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Sealed Air Cryovac, Inc. a/k/a Cryovac, Inc. ("Defendant" or "Sealed Air")[1] appears for the purpose of removing to the United States District Court for the Western District of Missouri the action styled *J. Bennett v. Sealed Air Cryovac, Inc. a/k/a Cryovac, Inc.*, Case No. 20BU-CV03105, currently pending in the Circuit Court of Buchanan County, Missouri. Sealed Air removes this case on grounds of diversity jurisdiction under 28 U.S.C. § 1441. In support of their Notice of Removal, Sealed Air states:

### BACKGROUND

1. Plaintiff J. Bennett commenced the above-captioned action in the Circuit Court of Buchanan County, Missouri on August 24, 2020, by filing her Petition in the case styled *J. Bennett v. Sealed Air Cryovac, Inc. a/k/a Cryovac, Inc.*, Case No. 20BU-CV03105. A copy of the Petition is attached as **Exhibit A**.

---

[1] Cryovac, LLC is the proper entity name. Cryovac, LLC was Ms. Bennett's employer. Cryovac, LLC is a wholly owned subsidiary of Sealed Air Corporation (US).

2. Plaintiff's Petition purports to assert claims for employment discrimination based on race, disability and sex/gender, racially hostile work environment, and for retaliation under the Missouri Human Rights Act ("MHRA").

3. Plaintiff served Sealed Air with a summons and a copy of the Petition on September 9, 2020. In accordance with § 1446(a), copies of all processes, pleadings and orders served on Sealed Air are attached as **Exhibit A**.

### TIMELINESS OF REMOVAL

4. Under § 1446(b), removal is timely if filed within 30 days after a defendant is served with a summons and the initial pleading. Sealed Air is timely filing this removal, within 30 days of service.

### VENUE

5. Under §§ 1441(a) and 1446(a), and Local Rule 3.2, the U.S. District Court for the Western District of Missouri, Western Division, is the appropriate court for removing action from the Circuit Court of Buchanan County, Missouri, where this action was originally filed.

### JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) by reason of complete diversity jurisdiction between the parties.

7. According to Plaintiff's Petition, she is a citizen of St. Joseph, Missouri. Ex. A, Petition, ¶ 6.

8. Plaintiff's Petition makes no allegations concerning Defendant Sealed Air's Corporation's citizenship.

9. Sealed Air, however, is not a citizen of Missouri. As a corporation, Sealed Air is deemed a citizen of its state of incorporation and the state of its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is generally where its headquarters in located). Sealed Air is a corporation incorporated in the State of Delaware, with its principal place of business and corporate headquarters in the State of North Carolina. Because Sealed Air is incorporated in Delaware and has its principal place of business in North Carolina, it is a citizen of Delaware and North Carolina for diversity purposes. Exhibit B, Declaration from Athenia Parks; *see also Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (holding that a corporation's principal place of business is generally where its headquarters is located).

10. Accordingly, there is complete diversity of citizenship.

## AMOUNT IN CONTROVERSY

11. Although Plaintiff does not plead damages in excess of $25,000.00, the amount in controversy claimed by Plaintiff undoubtedly exceeds $75,000.00, exclusive of interest and costs.

12. The standard for determining whether a plaintiff's claim meets the amount in controversy is "whether the fact finder might legally conclude" that a plaintiff's damages are greater than $75,000.00. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002).

13. Courts consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000.00. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

14. Plaintiff's alleged damages include reinstatement, front pay, back pay and lost benefits, "compensatory, punitive, and liquidated damages," "damages for emotional pain and suffering," and "costs and attorneys' fees."

15. While Plaintiff makes no specific monetary demand in his Petition, the Court is not bound by amounts stated in the Petition when determining the amount in controversy. *See O'Keefe v. Midwest Transit, Inc.*, No. 4:06 CV 1060 DDN, 2006 WL 2672992, at *1 (E.D. Mo. Sept. 18, 2006) (holding "[a]ny amounts stated in the petition are not determinative, and the court must look to the substance of the claim to determine if federal jurisdiction is present); *see also Rodgers v. Wolfe*, No. 4:05 CV 01600 ERW, 2006 WL 335716, at *3 (E.D. Mo. Feb. 14, 2006) (holding "the amount stated in the petition is not determinative. It is the substance of the claim, not the conclusory recitation of its worth, that will determine if federal jurisdiction is extant.")

16. Plaintiff makes a claim for backpay. Ex. A, Pet. ¶ 242. The MHRA contains no cap for backpay damages. Mo. Rev. Stat. § 213.111.4. At the termination of her employment with Sealed Air in January 2020, Plaintiff earned $18.22 per hour and was working, on average, 40 hours per week. Exhibit B, Declaration of Athenia Parks. Additionally, Plaintiff also worked overtime. *Id.* Plaintiff's backpay through the time of trial – assuming a conservative trial date of 18 months from the date of this Notice of Removal – would be at least $84,540.80.

17. Plaintiff also makes claims for front pay through normal retirement age. Pet. ¶ 242. Even assuming a two-year amount of front pay, such front pay would be at least $75,795.20. Thus, between Plaintiff's claim for backpay and front pay, the amount in controversy exceeds $75,000.00.

18. Plaintiff, however, also makes claims for other damages, including compensatory and punitive damages, as well as attorneys' fees. Other damages, including punitive damages but

excluding backpay damages, are capped between $50,000 and $500,000, depending on the size of the employer. Mo. Rev. Stat. § 213.111.4. There is not, however, any cap on attorneys' fees. *Id.* Fee awards in Missouri employment discrimination cases can exceed $75,000:

- *Lawrence v. CNF Transp.*, No. 4-99-CV-00794-HFS, Doc. 124 (W.D. Mo. Mar. 12, 2002) (order awarding plaintiff $83,081.00 in attorneys' fees as prevailing party in discrimination case);

- *Lee v. Consolidated* Freightways, No. 99-1227-SOW, Doc. 131 (W.D. Mo. Aug. 14, 2002) (order awarding plaintiff $112,430 in attorneys' fees in discrimination case).

19. In other cases involving claims of wrongful discharge in violation of the MHRA, juries have rendered verdicts in amounts in excess of $75,000.00. *Lynn v. TNT Logistics North America Inc.*, 275 S.W.3d 304 (Mo. App. W.D. 2008) (upholding trial court's award of $450,000 in compensatory damages and $3.75 million in punitive damages for plaintiff's claims brought under MHRA); *Brady v. Curators of University of Missouri,* 213 S.W.3d 101, 106 (Mo. App. E.D. 2006) (noting verdict award in MHRA age discrimination and retaliation action of $225,000 actual damages, $750,000 punitive damages against employer, and awards of $200,000 and $100,000 in punitive damages against individual defendants, while declining to award plaintiff reinstatement); *Brenneke v. Dep't of Missouri, Veterans of Foreign Wars of United States of America*, 984 S.W.2d 134 (Mo. App. W.D. 1998) (affirming $100,000 jury verdict for wrongful discharge in violation of public policy claim); *Faust v. Ryder Commercial Leasing & Servs.,* 954 S.W.2d 383 (Mo. App. W.D. 1997) (appeal of judgment notwithstanding verdict where jury awarded $530,250 compensatory and $4 million punitive damages in wrongful discharge case). *See also Drury v. Missouri Youth Soccer Ass'n, Inc*., 259 S.W.3d 558, 565 (Mo. App. E.D. 2008) (appeal of jury verdict of $75,000 actual and $75,000 punitive damages on claim of wrongful termination in violation of public policy); *Walton v. City of Berkeley*, 265 S.W.3d 287 (Mo. App. E.D. 2008) (appeal of jury verdict awarding $156,049 in back pay and expense reimbursements

and pre-judgment interest of $193,677 on wrongful discharge claim); *Kelly v. Bass Pro Outdoor World, LLC*, 245 S.W.3d 841, 842 (Mo. App. E.D. 2007) (appeal of jury verdict on claim for wrongful termination in violation of public policy: $4,300 in actual damages and $2.8 million in punitive damages).

20. Again, in this lawsuit, Plaintiff is requesting compensatory and/or special damages, emotional distress damages, punitive damages, attorneys' fees, etc. Reading her Petition as a whole, this case clearly involves an amount in controversy exceeding $75,000.00.

## CONCLUSION

21. As noted in the paragraphs above, Sealed Air is properly removing this case to federal court pursuant to 28 U.S.C. § 1441 because all of the parties are diverse and the amount in controversy exceeds $75,000.00.

22. Under §§ 1332, 1441(a) and 1446(a), and Local Rule 3.2, the United States District Court for the Western District of Missouri is the appropriate court for removing an action from the Circuit Court of Buchanan County, Missouri, where this action was filed.

23. Promptly, upon filing this Notice of Removal, Cryovac Sealed Air shall give notice in writing to all parties and shall file a copy of this Notice of Removal with the Clerk of the Circuit Court of Buchanan County, Missouri.

WHEREFORE, Defendant Sealed Air gives notice that this action is removed from the Circuit Court of Buchanan County, Missouri, to the United States District Court for the Western District of Missouri.

**Respectfully submitted this 7th day of October 2020.**

> CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
>
> */s/ Virginia L. Woodfork*
> Virginia L. Woodfork, MO Bar No. 68494
> 600 17th Street, Suite 2700S
> Denver, CO 80202
> Telephone: 720-343-7533
> Facsimile: 720-343-7573
> vwoodfork@constangy.com
>
> Donald S. Prophete, MO Bar No. 56058
> Charles Eberhardt, MO Bar No. 72780
> 2600 Grand Boulevard, Suite 750
> Kansas City, MO 64108
> Telephone: 816-472-6400
> Facsimile: 816-256-5536
> dprophete@constangy.com
> ceberhardt@constangy.com
>
> ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via electronic mail, through the Court's e-filing system software, on this 7th day of October 2020, to the following counsel of record:

**BALDWIN & VERNON**
Kevin Baldwin
Eric Vernon
Sylvia Hernandez
Robin Koogler
108 S. Pleasant St.
Independence, MO 64050

ATTORNEYS FOR PLAINTIFF

*/s/ Virginia L. Woodfork*
Attorney for Defendant